785 F.2d 309
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DANIEL A. MILLER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 85-1244
 United States Court of Appeals, Sixth Circuit.
 1/17/86
 
 BEFORE: LIVELY, Chief Judge; WELLFORD, Circuit Judge; and PORTER, District Judge*.
 PER CURIAM.
 
 
 1
 This is an appeal from judgment of the district court affirming the decision of the Secretary denying the plaintiff's application for social security disability benefits. Plaintiff claims that his disability began in August 1975 when he was last employed. His covered status ended on September 30, 1981, at which time he was 43 years old. The last job which the plaintiff held was that of a maintenance supervisor in a bowling alley. At the time of the hearing the plaintiff had earned an associate's degree and was working toward a bachelor's degree in social work.
 
 
 2
 Plaintiff's chief complaint relates to stiffness and instability of his lower back, for which he has had surgical treatment on several occasions, and accompanying severe pain. Both he and his wife testifi d concerning his pain, but the Administrative Law Judge (ALJ) concluded that plaintiff's subjective complaints 'are not fully credible as he is able to tolerate the pain without medication and attends college.' The plaintiff testified that he was taking nine credit hours at the time of the hearing and spending about 50 hours a week in school or studying. He did not use a cane or crutch at that time and was taking no medication for pain because he claimed it left him too drowsy to concentrate. He drove himself to and from school and as late as 1981 was bowling occasionally.
 
 
 3
 The administrative law judge found that plaintiff could not perform his past relevant work but that he did have residual capacity to perform 'the full range of sedentary work,' and considering this capacity together with his age, education and work experience, found that he was not disabled within the meaning of the Act. The Appeals Council denied review.
 
 
 4
 Dr. Schanz, plaintiff's treating physician and surgeon, reported in 1977 that plaintiff could not return to his former work and should not do any work involving significant bending of lifting. Though plaintiff returned to Dr. Schanz several times from 1977 through 1979, the doctor wrote in March 1978, 'I don't have the impression he is hurting on a very regular basis but it nags him more than anything else, probably precludes the ability to carry out heavy work.' Later the same year Dr. Schanz authorized plaintiff to participate in sports programs at the college. In 1979 Dr. Schanz noted that plaintiff's condition had improved and except for valium prescriptions there are no more entries in his chart until 1982, after disability coverage had ended.
 
 
 5
 Plaintiff returned to Dr. Goodsell in January 1981. Dr. Goodsell had been plaintiff's treating physician from 1960 until 1975. While Dr. Goodsell found that plaintiff's motion was restricted, he also found no muscle spasm and noted that plaintiff walked normally on heels and toes. Dr. Goodsell found that plaintiff's low back is not normal and would not tolerate heavy manual labor or prolonged unchanged positions. He concluded that plaintiff was 'on the right track' in pursuing his education in order to qualify as a social worker or for some other kind of office work. On the basis of the medical evidence recited herein and evidence of other examining and consulting physicians the ALJ concluded that plaintiff's impairment does not meet or equal Listed Impairment 1.05(c) of Appendix One of the social security regulations. Plaintiff argues that the great weight of the medical evidence establishes an impairment of this level, referring particularly to the report of Dr. Brown, an evaluative specialist, and a finding of a pinned nerve root by Dr. Schanz in 1982. The reports of Dr. Brown and Dr. Schanz relied upon by plaintiff both related to the period after plaintiff's eligibility had expired. The plaintiff also contends that the administrative law judge erroneously found that the Secretary had carried her burden to show that there is other work in the national economy which the plaintiff can perform. A vocational expert testified at the hearing and stated that if plaintiff's statements were given full credibility, there was no work in the national economy that he could perform. However, the expert also testified that some of plaintiff's work skills would be transferable to various semi-skilled sedentary jobs, and that many of these jobs would include a sit-stand option. She estimated that there were 110,000 unskilled sedentary jobs with a sit-stand option in Michigan.
 
 
 6
 This case presents the single issue of whether the decision of the Secretary is supported by substantial evidence. This determination is controlled by the Supreme Court's definition of substantial evidence as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). pplying this standard, we conclude that the decision of the Secretary that plaintiff on September 30, 1981 was not disabled within the meaning of the Act is supported by substantial evidence. While plaintiff has a 'bad back,' he very commendably has made the required effort to educate himself for employment that will not require heavy lifting or the degree of exertion required in his former work. The record fully supports the findings of the ALJ that plaintiff was not disabled at the time his coverage expired and that the Secretary carried her burden of showing that plaintiff does have the residual capacity to engage in gainful employment and that there is work that he can perform in the national economy.
 
 
 7
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable David Porter, Senior Judge, United States District Court for the Southern District of Ohio, sitting by designation